Argued March 24, affirmed June 13, 1978

KASSEL, *Appellant,*
*v.*
CITY OF SALEM, *Respondent,*
and
STEWART et ux, *Intervenors-Respondents.*
(No. 96869, CA 8374)
579 P2d 875

■■■■■■

■■■■■■■■■■■■

■■■■■■■

Edwin J. Peterson, Portland, argued the cause for appellant. With him on the brief were William W. Kinsey and Tooze, Kerr, Peterson, Marshall & Shenker, Portland.

David J. DeMartino, Assistant City Attorney, Salem, argued the cause for respondent. With him on the brief was William J. Juza, City Attorney, Salem.

James C. Griggs, Salem, argued the cause for intervenors-respondents. With him on the brief was Harland, Ritter, Saalfield & Griggs, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

■■■■■■

TANZER, J.

**TANZER, J.**

Plaintiff seeks a declaratory judgment that defendant City's purchase of a private water company (Company) from intervenors is invalid.[1] His complaint alleges that neither applicable statutes nor the city charter authorize the City to purchase a water company whose facilities and service area are adjacent to but outside the city limits.

ORS 225.020(1)(a) is the statutory source of authority for such municipal action. It provides:

> "(1) When the power to do so is conferred by or contained in its charter or act incorporation, any city may build, own, operate and maintain waterworks, water systems, railways and railroads, electric light and power plants, within and without its boundaries for the benefit and use of its inhabitants and for profit. To that end it may:

> "(a) Acquire water systems and use, sell and dispose of its water for domestic, recreational, industrial, and public use and for irrigation and other purposes within and without its boundaries."

This statute constitutes an offer of extramural powers which a city can accept by amending its charter. *City of Salem v. O.-W. Water Serv. Co.,* 144 Or 93, 117, 23 P2d 539 (1933). Salem's city charter accepts this offer in broad terms.[2] Together, ORS 225.020 and the

---

[1]To determine the scope of our review in a declaratory judgment proceeding, we look to whether the proceeding sounds at law or in equity. *Lindsey v. Dairyland Insurance Co.,* 278 Or 681, 688, 565 P2d 744 (1977). Because plaintiff in essence seeks to enjoin the City's purchase of the Company, this proceeding sounds in equity. Therefore, we review de novo. ORS 19.125(3).

[2]The Charter of the City of Salem provides in pertinent part:

"The city shall have power and is authorized to * * * purchase, receive and hold property, both real and personal, beyond its limits, * * * for the purchase or erection and operation of water * * * works for the supply of the city and the inhabitants thereof with water * * *." Section 3.

"The City of Salem, Oregon, shall be authorized and empowered to purchase, acquire, appropriate or condemn, either within or without the corporate limits of said city, any real or personal property, water

charter explicitly authorize the City to purchase a water company whose facilities are outside the present city limits.

■ The City's decision to purchase the Company is a legislative act. The wisdom of the acquisition is for the city council, not the courts, to decide. *Yamhill Elec. Co. v. City of McMinnville,* 130 Or 309, 337, 339, 274 P 118, 280 P 504 (1929) *appeal dismissed* 280 US 531 (1930). Especially where, as here, the action is based on an express grant of power, a city's legislative act is presumed valid unless it appears on its face that it concerns matters outside the city's jurisdiction. 6 McQuillin, Municipal Corporations, §§ 20.06 and 20.07.

■■ A petitioner in a suit for declaratory relief has the burden of proof as in any other suit. *See, First National Bank v. Malady,* 242 Or 353, 408 P2d 724 (1966). One who challenges an ordinance bears the burden of proving its invalidity. 6 McQuillan, Municipal Corporations, § 20.08; *Jehovah's Witnesses v. Mullen et al,* 214 Or 281, 293, 330 P2d 5, 74 ALR2d 347 (1958), *appeal dismissed* 359 US 436 (1959); *cf.,*

right, riparian right, watercourse, right of way, reservoir, reservoir site, dam, waterworks, pipe lines, wells, pumps, machinery and equipment used or useful in the supplying of water to the City of Salem and its inhabitants; buildings, structures, filters or filter beds; and to buy or build, construct, own and operate any waterworks system, dam, pipe line, aqueduct, filter plant, treating plant, wells, reservoir, building or structure useful or necessary in the matter of acquiring and operating a completed water system for the purpose of supplying the residents, inhabitants and industries of the City of Salem and others with water for municipal, domestic, manufacturing, power, irrigation and other lawful uses * * *." Section 90(A).

"This amendment to the Charter of the City of Salem shall be liberally construed and the City of Salem and the common council of said city shall not be deemed to be limited to the strict grant of the several rights, powers and the authority contained in this Charter, to do and perform the several acts herein designated, and the said City of Salem and its common council shall have the right, power and authority to do and perform any act not expressly mentioned in this charter amendment which may be necessary or convenient in the matter of the acquisition of a municipally-owned water system for the City of Salem, Oregon * * *." Section 90(J).

*Trueblood v. Health Division,* 28 Or App 433, 439, 559 P2d 931 *rev den* (1977). In this case, the plaintiff's burden is therefore to overcome the presumption of validity by proving that the purchase is outside the statutory and charter authority, *i.e.,* that the requirements of ORS 225.020(1)(a) are absent. This he has not done.

Plaintiff's proof showed only that the City regarded itself as the logical provider of water service within the urban growth boundary and that the purchase was made in contemplation of possible future annexation of the area served by the Company. This evidence is in no way inconsistent with, let alone contradictory to, the statutory authorization for the City to act for "the benefit and use of its inhabitants and for profit." Indeed, the City would be derelict if it did not plan for the future. Therefore, because plaintiff has not proved the action to be outside the City's authority to act, we affirm the trial court's holding that the City's action was lawful and valid.

The City nevertheless presented evidence, and the trial court found, that the purchase was for the benefit and use of the City's inhabitants and for profit within the meaning of ORS 225.020.[3] Plaintiff disputes the facts underlying some of these findings, but it is not our function to resolve such disputes. The factual basis for the city council's determination of the wisdom of the purchase is a legislative matter which is not subject to judicial review. Plaintiff has shown only that he disagrees with the City's policy of expanding its water system and that he disputes its evaluation of

---

[3]In summary form, the trial court's findings were as follows: City residents will benefit from the security of a secondary water supply and will use its water during periods of peak demand. By purchasing the Company and integrating its facilities into the urban water system now rather than waiting for further development in the Company's district, the City avoids a higher purchase price, higher integration costs, and extensive duplication of water lines. The purchase is an economically sound investment for the City.

benefits. Neither his proof nor his arguments regarding the City's proof show lack of authority for the purchase or that the City's action is otherwise invalid.

Affirmed.