Argued and submitted September 10,
affirmed December 24, 1979

KUHN, et ux,
*Appellants,*
*v.*
HEERWAGEN, et al,
*Respondents.*

(No. 31765, CA 13010)

604 P2d 416

Gregory J. Christensen, Corvallis, argued the cause and filed the brief for appellants.

George B. Heilig, Corvallis, argued the cause and filed the brief for respondents Heerwagen, Hubley, Evensan, Weaver, Brown and Botkin.

No appearance for respondents Alarcon and O'Malley.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

LEE, J.

## LEE, J.

Plaintiffs sued for a declaratory judgment to nullify asserted easements on real property that plaintiffs had purchased in 1975; they also sought an injunction prohibiting use of the asserted easements by defendants. The trial court declared the easements valid and ordered defendants to conduct a survey to establish their exact boundaries. On appeal, plaintiffs assign five errors, which we discuss in two groups: (1) In assignments one, four and five, plaintiffs argue that the theory of implied easement was not pleaded by defendants, that the trial court's final order failed to specify whether the easement was express or implied, and that there was insufficient evidence to support the findings that the easement arose out of prior use and was reasonably necessary, and (2) in assignments two and three, plaintiffs argue that there was insufficient evidence to find that plaintiffs were on inquiry notice of the easement, and that as a matter of law inquiry notice does not destroy the status of a bona fide purchaser for value without notice. We review *de novo*.[1]

Plaintiffs purchased a parcel of land in Benton County that was the northernmost one of four contiguous parcels once owned by a common grantor. Plaintiffs purchased from an intermediate owner. Plaintiffs' land sale contract and recorded memorandum of contract contained reference to an easement over an old logging road on plaintiffs' land for the sole benefit of the parcel immediately to the south. That particular easement is not in dispute. Plaintiffs seek to prevent the present owners of the two most southern parcels from also having and using an easement over the same

---

[1] A proceeding for declaratory judgment may sound either at law or in equity. *Lindsey v. Dairyland Insurance Co.*, 278 Or 681, 688, 565 P2d 744 (1977). Plaintiffs' cause here is in the nature of a proceeding to remove a cloud or encumbrance from their title, which is a suit in equity. *See Anderson v. Guenther*, 144 Or 446, 461, 22 P2d 339, 25 P2d 146 (1933). We judge the essence of the cause here to sound in equity, and *de novo* review is appropriate. *Kassel v. City of Salem*, 34 Or App 739, 741, 579 P2d 875 (1978).

logging road. The common grantor had divested himself of those two southernmost parcels prior to selling the remaining two, including what is now plaintiffs' parcel.[2] Plaintiffs did not have record notice of the two easements to benefit the southernmost parcels.[3]

As to the failure to plead easements by implication, in the second amended complaint plaintiffs professed to be "without actual notice of *any* easement claimed by defendants" and to take "free from *any* such easement * * *" (Emphasis added). Defendants in their answer claimed easements over plaintiffs' parcel and alleged that plaintiffs knew or "as reasonably prudent persons on inquiry should have known" that such easements were claimed by defendants. Both plaintiffs and defendants prayed "for such other [and] further relief as to the Court may seem just and proper". Because defendants pleaded an easement, the pleadings authorized the court to decree an implied easement.

Plaintiff adduces no authority for the proposition that in its final order the trial court must specify whether an easement declared to exist is express or implied. The final order includes the necessary elements of one of those theories, that of implied easement. An implied easement usually is created at the time possessory interests in an estate are severed, Restatement of Property § 474 (1944), and the circumstances must be such "as to permit an inference that had the grantor put his mind to the matter he would have intended the servitude to be created". *Dressler v. Isaacs*, 217 Or 586, 597, 343 P2d 714 (1959).

---

[2] The original grantor conveyed the two southernmost parcels in August, 1973, and December, 1973. He conveyed the northernmost, now plaintiffs' parcel, in May, 1974, and the remaining parcel in June, 1974.

[3] Defendants assert in their brief without explanation that the common grantor was somehow still in plaintiffs' chain of title at the time a grant of one of the two claimed easements was later recorded, a month before plaintiffs purchased. It is not necessary to belabor this point, in light of our holding.

In particular, plaintiffs challenge the elements of prior use of and reasonable necessity for the claimed easements as being unsupported by the evidence. With respect to prior use by the grantor, comment i to the Restatement of Property § 476 (1944) notes that:

"Of course, where land is possessed by a single person, uses may be made of one part of it for the benefit of other parts which could not be expected to continue after the part used has been conveyed. Where all of a tract is possessed and used by one individual, the allocation of benefits and burdens is not and cannot be precise."

Here, the original grantor used the road for access to the southern portion of the entire tract. Although such access may originally have been primarily for logging and not for residential purposes, the use resulted in a "physical adaptation" of the premises for continued access, a factor strengthening the inference of the grantor's intent. *Cf. Cheney v. Mueller*, 259 Or 108, 120, 485 P2d 1218 (1971). Furthermore, the access road was visible and apparent at all material times. While the original grantor did not formally address the issue of easements when the two southernmost parcels were conveyed, he did so later when he sold the northernmost parcel, for it was then in his interest to protect his own access to the remaining parcel by more precisely allocating benefits and burdens. We can reasonably infer intent to provide access to all three parcels to the south.

As to the reasonable necessity for the easements, the Oregon Supreme Court has characterized that concept not only in terms of inferences of the original grantor's intent but also in terms of "the reasonable expectations of a reasonable man receiving a conveyance of land". *Dressler v. Isaacs, supra* at 600. Here, plaintiffs' seller understood there to have been an easement across her parcel of land for the benefit of all three of the others; she thought that such easements were properly recorded. In addition, a ravine made separate access difficult for the two most southern

parcels. The trial judge viewed the site and referred thereafter in the record to the "substantial cliff" along the road bounding the parcels that made it impractical to put in an access road to the two south parcels. We think the evidence of prior use and reasonable necessity in this case sustains a finding of easement by implication.

In the second group of assignments, plaintiffs argue that because they took their land without actual or constructive knowledge of the easements, they were bona fide purchasers and should take free of the claimed easements. Plaintiffs' seller testified at trial that she expressly told plaintiffs of the easements, testimony denied by plaintiffs but which the judge as finder of fact chose to believe. While we review *de novo*, we nonetheless give weight to the findings of the trial judge, particularly with respect to conflicting evidence. *Cheney v. Mueller, supra* at 119. A number of circumstances put plaintiffs on notice that the two southern parcels were occupied, including additional building construction, yellow utility markers along the graveled road and the shared use of a stream for water. Under those circumstances, it would have been reasonable for plaintiffs to have inquired more closely of the seller about the road than they claim to have done.[4] Plaintiffs concede that "a party can lose BFP [bona fide purchaser] status by not making a reasonable inquiry when apprised of facts that would cause a reasonable prudent person to inquire." Plaintiffs, being apprised of facts about the uses of the road, did not make a reasonably prudent inquiry. The trial court properly found for defendants.

Affirmed.

---

[4] Plaintiffs testified that they asked their real estate broker and closing agent about the existence of the easements, but denied that the matter came up in two discussions with their seller, contrary to seller's testimony that she had expressly informed plaintiffs.